*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1144**

State of Minnesota,
Respondent,

vs.

Ogonnaya Vincent Ofor,
Appellant.

**Filed July 7, 2014
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27VB1215034

Lori A. Swanson, Attorney General, St. Paul, Minnesota; and

David K. Ross, Assistant Brooklyn Center Attorney, Minneapolis, Minnesota (for respondent);

Ogonnaya Vincent Ofor, New Brighton, Minnesota (pro se appellant)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and

Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STAUBER**, Judge

In this pro se appeal, appellant challenges his petty misdemeanor conviction of running a red light, arguing that the evidence was insufficient to support the conviction and that the testimony of the police officer who issued the citation was disingenuous. We affirm.

**FACTS**

On September 23, 2012, appellant Ogonnaya Ofor was cited for failing to obey a traffic signal in violation of Minn. Stat. § 169.06, subd. 5 (2012). Appellant contested the ticket, and a trial was held on May 21, 2013.

Trooper Melissa Fischer testified that she observed appellant run a red left-turn arrow while turning off of northbound Highway 252 onto westbound 66th Avenue in Brooklyn Center. Trooper Fischer testified that, at approximately 5:46 pm, her squad car was positioned on northbound Highway 252 at the intersection of 66th Avenue in the number two left-turn lane. She explained that the intersection has two left-turn lanes, three through-lanes that continue northbound, and one right-turn lane. She testified that traffic had accumulated in the two left-turn lanes. When the light turned to a green arrow, traffic began moving forward, but when the arrow turned red, only three or four cars had actually proceeded through on the green arrow. She testified that the light cycled properly from green to yellow and from yellow to red. She testified that she stopped her squad vehicle when the light changed to a red arrow and became the first car in line at the intersection in the number two left-turn lane, but that a white and blue taxi

cab in the number one left-turn lane continued through the intersection after the arrow had changed to red. She testified that she initiated a traffic stop of the taxi on 66th Avenue and identified the driver as appellant. She issued appellant a ticket for failing to obey a traffic signal.

Appellant testified that he was already through the intersection when the arrow turned red. He testified that while he was turning left another car in the number two left-turn lane was turning at the exact same moment in time, but appellant could not describe the vehicle. Appellant initially testified that he saw Trooper Fischer's squad car sitting behind the vehicle that passed through the intersection at the same time he did, but later testified that he did not see the squad car until Trooper Fischer initiated the traffic stop. Appellant also testified that Trooper Fischer was driving an unmarked red van. But on redirect, Trooper Fischer testified that she normally drives a marked squad car, although on this date it was possible that she was driving an unmarked red Dodge Charger.

The district court found that Trooper Fischer "described pretty clearly what happened," and that she was "more likely to be paying close attention to the signal because she was sitting right there at the red arrow." The district court found that appellant was not paying as much attention because "he didn't notice that he passed the trooper." The district court concluded, based on this evidence, that the state proved that appellant was guilty beyond a reasonable doubt and imposed a fine and surcharge totaling $128. This appeal followed.

**D E C I S I O N**

Appellant argues that Trooper Fischer's testimony was "disingenuous" and that the evidence was insufficient to convict him because Trooper Fischer's squad video was never introduced into evidence. On review, this court must assume that the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). This is especially true when resolution of the matter depends mainly on conflicting testimony. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980). The reviewing court will not disturb the verdict if the district court, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

The district court found that appellant's testimony was not credible because Trooper Fischer's testimony more clearly described the incident and because she was more likely to be paying attention to the traffic signal because she was the first car in line waiting for the light to change. Moreover, the transcript reveals that appellant's testimony was confused and self-contradictory. Appellant initially testified that he saw Trooper Fischer stopped behind him at the light, but then later said he did not notice her until he was pulled over. And appellant testified that Trooper Fischer was driving a red van, when she was more likely driving a marked squad car or an unmarked red sedan. And appellant testified that he entered the intersection at the same time as another vehicle, but could not describe the vehicle. Because we defer to the district court's

credibility determinations, we conclude that the district court did not err by finding that Trooper Fischer's testimony was more reliable.

Appellant also argues that the evidence was insufficient to convict him because the video from Trooper Fischer's squad car was never entered into evidence. Trooper Fischer testified that when she requested a copy of her squad video from her office, the person who makes the recordings told her that "there was no video that downloaded onto the disk." For reasons unknown, the squad video camera failed to record. The district court found that "there is no evidence that the video was handled improperly." Therefore, because there was no squad video, the district court did not err by failing to admit it into evidence. Moreover, evidence from a single witness may be sufficient to support a verdict. *Waldo v. St. Paul Ry. Co.*, 244 Minn. 416, 424, 70 N.W.2d 289, 294 (1955).

**Affirmed.**